**In re MARVIN GARDENS LANDSCAP-ERS, INC., Debtor.**

**MARVIN GARDENS LANDSCAPERS, INC., Plaintiff,**

v.

**E.H. HALL CONTRACTORS, INC., and Western Casualty & Surety Co., Defendants.**

**Bankruptcy No. 85–21167.**

**Adv. No. 86–0122.**

United States Bankruptcy Court, D. Kansas.

March 19, 1987.

Phillip A. Miller, of Watson, Ess, Marshall & Enggas, Olathe, Kan., D. Kaye Summers, Greg Spies, of Watson, Ess, Marshall & Enggas, Kansas City, Mo., for debtor/plaintiff.

Charles E. Fowler, III., of McDowell, Rice & Smith, Chartered, Kansas City, Kan., Gordon R. Gaebler, Kansas City, Mo., for defendants.

Carol A. Park, Wichita, Kan., U.S. Trustee.

## SUPPLEMENTAL MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for trial on the plaintiff/debtor-in possession's complaint for turnover of property on January 9, 1987. The debtor-in-possession, Marvin Gardens Landscapers, Inc., appeared by and through counsel, Rolland Exon and Greg T. Spies. The defendant, E.H. Hall Contractors, Inc., appeared by and through counsel, Gordon Gaebler and Charles E. Fowler, III. This Court heard the evidence and granted judgment in favor of the plaintiff in the amount of $13,862 for retainage and contract extras. This Court ruled against the plaintiff on its $3200 claim for traffic control. In addition, in event of appeal, this Court reserved the right to file supplemental findings of fact and conclusions of law.

On February 13, 1987, the defendant, E.H. Hall Contractors, Inc. and Western Casualty & Surety Co., filed their notice of appeal. This Court is now exercising its right to file supplemental findings of fact and conclusions of law.

### FINDINGS OF FACT

Based on the pleadings, the testimony, the exhibits, and the file herein, this Court finds as follows:

1. The Court has jurisdiction over the parties and the subject matter. Venue is proper.

2. Debtor, Marvin Gardens Landscapers, Inc., is a corporation organized and existing under the laws of the State of Kansas. The debtor's principal place of business is in Kansas City, Kansas. The debtor is engaged in the landscaping business. Denis Viscek is the president of the company.

3. Defendant, E.H. Hall Contractors, Inc., is a Kansas corporation maintaining a place of business in Kansas City, Kansas. Ed Hall is the president of the defendant company. The defendant was the general contractor on a project known as the Southwest Trafficway. The owner of the project is the City of Kansas City, Missouri.

4. On August 9, 1985, E.H. Hall Contractors, Inc., the general contractor, and Marvin Gardens Landscapers, Inc., a subcontractor, entered into a contract for landscaping of the medium strip on Southwest Trafficway between 33rd Street and 39th Street. (See plaintiff's Exhibit 4). Marvin Gardens contracted with E.H. Hall Contractors to furnish all materials, labor, equipment and supplies to install 94 Sentry Ginko trees on the medium for the price of $370.

5. It is important to note that this was a general contractor/subcontractor relationship. E.H. Hall Contractors had a separate contract with the City of Kansas City, Missouri for the Southwest Trafficway project, including the medium strip. Marvin Gardens worked for E.H. Hall Contractors, not the City.

6. Marvin Gardens ordered the Sentry Ginko trees for the project from Matt Tures Nursery, and placed a $3,446.67 non-refundable deposit on the order.

7. On or about October 14, 1985, the City contacted E.H. Hall Contractors and requested another price for doing additional work on the medium strip. Apparently, the City determined that several changes must be made in order for trees to survive in the hostile environment of a medium strip on a busy trafficway. The City asked to change the type of tree from Sentry Ginko to Chanticlear Pear, and to change the depth and process of planting which necessitated extra excavation and materi-

als. In addition, the City extended the planting of trees two additional city blocks on the trafficway. In effect, the City asked E.H. Hall Contractors to install a total of 118 trees rather than 94 trees.

8. On October 22, 1985, Ed Hall of E.H. Hall Contractors, informed Denis Viscek of Marvin Gardens, of the changes in the project, and requested a bid for the additional work.

9. By letter of November 7, 1985, from Denis Viscek to Don Newman of E.H. Hall Contractors, Marvin Gardens submitted its bid (see plaintiff's exhibit 2). The letter stated:

> As we discussed, our cost for the additional work, including, but not limited to excavation, rock, PVC pipe, topsoil, soil separator, and mulch on the original contract is $251.00 per tree. The cost to do the work complete on the preceding contract is $621.00 per tree. Additionally, because of the change in variety, we are losing our deposit on the Gingkoes; this amounts to $3446.67. This amount needs to be added to the above prices.
>
> If you have any questions, please do not hesitate to call.

10. By letter dated November 13, 1985, from Ed Hall to James R. Batson, Construction Coordinator for the City, general contractor E.H. Hall Contractors informed the City of their change in price per tree for the additional work. The letter stated:

> Per your request the price to complete the treewells as detailed on drawing dated 10–14–85 is $720.00 per each in place. This letter supercedes any previous letters concerning treewell price changes. The supplier, Marvin Gardens, also requests that a change order be additionally issued in the amount of $3446.67 which will cover their original non-refundable down payment to the tree supplier.
>
> In addition, the price to remove the existing trees in the treewells between 33rd and 31st and replant per drawing dated 10–14–85 is $720.00 per each. Traffic control in the amount of $6760.00 is an

additional cost for the 31st to 33rd St. work portion.

It is our understanding that this new tree is to be a Chanticleer Pear tree with a 24″ ball. It is further understood that City forces are to remove any grates and existing trees between 33rd and 31st Streets prior to Contractor commencing work.

The $720 cited in the letter includes the following: $370 original contract price per tree with their subcontractor, Marvin Gardens; $251 bid by the subcontractor for the additional work; and the general contractor's markup. In effect, E.H. Hall Contractors requested at $305 change order price.

11. Sometime later in November of 1985, E.H. Hall Contractors and their subcontractor, Marvin Gardens, met with the City at the public work's office to discuss the new price. Ed Hall attended the meeting on behalf of E.H. Hall Contractors. George Eib and Mike Malyn attended on behalf of the City. Denis Viscek, president, and Robert Viscek, vice-president of Marvin Gardens, attended on behalf of the subcontractor, Marvin Gardens, to explain the bid for E.H. Hall Contractors. To simplify matters, Marvin Gardens discussed the price changes as they calculated them, without the general contractor's markup. As such, the parties discussed the net change of $251 per tree rather than $305 per tree. The Visceks explained that the net changes included $150 per tree for excavation and $101 per tree for PVC pipe and cap, rock soil separator, soil, and installation. Furthermore, the Visceks explained, that on top of the $251 per tree net change, Marvin Gardens would have to be reimbursed $2,446.67, down from $3,446.67, for the lost deposit. Apparently, Matt Tures Nursery would refund $1,000 of the non-refundable deposit. The City did *not* question the price of $101 per tree for PVC pipe and cap, rock soil separator, soil and installation, and did *not* question the $2,446.67 loss of deposit. The City did, however, question the $150 per tree for excavation. The City requested that Marvin Gardens refigure the $150 price at 3–inch increments of rock and 3–inch increments of dirt.

12. Marvin Gardens refigured the $150 price for excavation at 3–inch increments of rock and 3–inch increments of dirt, and submitted the changes to E.H. Hall Contractors.

13. E.H. Hall informed the City of the changes.

14. On December 17, 1985, the City and Ed Hall, as president of E.H. Hall Contractors, formally signed a change order for the additional work (see plaintiff's exhibit 9.) Somehow, however, the City and E.H. Hall Contractors *mistakenly* left off the additional $101 per tree for PVC pipe and cap, rock soil separator, soil and installation.

15. E.H. Hall Contractors informed Marvin Gardens that the change order was approved by the City, and instructed Marvin Gardens to begin work. At this point, Marvin Gardens and E.H. Hall effectively modified the original contract to include all the changes, including the $101 change.

16. Sometime in February of 1986, Marvin Gardens caught the mistake by examining the company's January invoice and the January pay estimates from the City.

17. On February 20, 1986, Robert A. Viscek, Vice President of Marvin Gardens, notified Don Newman of E.H. Hall Contractors by letter dated February 20, 1986, of the apparent mistakes (see plaintiff's exhibit 4).

18. On February 21, 1986, Donald Newman contacted David Teague, Assistant Chief of Construction for the City, of the mistake (see plaintiff's exhibit 7). The letter stated:

It seems there is a problem of $101.00 being left off the change order price for trees. This has been brought to my attention by our subcontractor, Marvin Gardens Landscapers, Inc. The attached letter from them will explain the problem.

If you have any questions, please call.

19. On March 3, 1986, Charles E. Owsley, Assistant City Engineer, responded to Don Newman by letter (Defendant E.H.

Hall Contractors Exhibit A). The letter stated:

> We received your letter of February 21, 1986, with the attached letter from Marvin Gardens about $101.00 being left out of the change order price of the trees. After reviewing that letter, the letters of last November and talking to Mr. Jim Batson, it appears that the parties at the November meeting agreed that the cost of $100.00 for the PVC pipe and cap, rock, soil separator, soil and installation were either included in the original specs for planting the tree or were balanced out by the lower cost of the Chanticlear Pear and the decreased amount of work required to replace the trees between 31st and 33rd Streets. Additional provisions were also made on traffic control at that time, so it would appear that Change Order No. 2 signed by E.H. Hall included all of the cost relating to the items in that change order.
>
> Should you have any questions, please contact Robert E. Norman, P.E., Chief of Construction Inspection at (816) 274–1567.

20. The City's explanation is completely inadequate. The parties at the November meeting did *not* agree that the cost of $100 for the PVC pipe and cap, rock, soil separator, soil and installation, were either included in the original specification for planting the trees or were balanced out by the lower cost of the Chanticlear Pear and the decreased amount of work required to replace the trees between 31st and 33rd Streets. The change order did *not* include all the costs relating to the items on the change order.

21. On March 5, 1986, Ed Hall responded to Denis Viscek by letter which stated:

> We are in the process of attempting to learn whether or not the City did in fact leave some money off of a change order. When this is determined we will be in touch with you.

(*plaintiff's exhibit 10*)

22. On October 31, 1985, Marvin Gardens filed for relief under Chapter 11 of Title 11 of the United States Code.

23. On September 5, 1986, the debtor-in-possession filed this adversary complaint under §§ 542 and 1107 against E.H. Hall Contractors, Inc., and Western Casualty & Surety Co. to collect accounts receivables.

## CONCLUSIONS OF LAW

The debtor-in-possession, Marvin Gardens Landscapers, Inc., brought this complaint to collect accounts receivable pursuant to sections 542 of the Code. Section 542 states:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

First, Marvin Gardens contends that E.H. Hall Contractors, Inc. owes the company $13,072 on the subcontract. This Court agrees.

The parties certainly had a valid written contract on August 9, 1985, for $370 per tree. Furthermore, the evidence clearly showed that the parties modified the written contract to include the changes on the change order plus the $101 inadvertently left off the change order by the defendant or by the City of Kansas City, Missouri. All the correspondence between the parties and all the testimony at trial prove the modification.

Second, Marvin Gardens requests $3,200 for the costs it expended on traffic control on the Southwest project. This Court, however, saw no evidence that E.H. Hall agreed to reimburse Marvin Gardens for traffic control.

The foregoing Memorandum constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.